UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NINA KINNEY,

   *Plaintiff*,

v.                                  **Case No.  SA-22-CV-00575-JKP**

DOLGENCORP OF TEXAS, INC.,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General Store #16420's Motion for Summary Judgment. *See* ECF No. 17. Plaintiff Nina Kinney filed a response and Dolgencorp replied to the response. *See* ECF No. 18, 20. The motion is fully briefed and ripe for ruling. After due consideration of the parties' briefings, the record evidence, and the applicable law, the Court **GRANTS** the motion and **DISMISSES** this case because Kinney fails to offer competent summary judgment evidence demonstrating Dolgencorp's constructive knowledge of the allegedly hazardous condition. Final judgment will be entered by separate order.

## BACKGROUND

This is a premises liability suit arising from a trip and fall occurring at a Dollar General store located at 5870 TX-27, Center Point, Texas, Keer County, 78010. *See* Exhibit A. On April 25, 2022, Plaintiff Nina Kinney filed suit against Dolgencorp alleging Kinney tripped and fell at the Dollar General store entrance when she caught her foot on the loose string of a frayed front

door mat. She further alleges she has incurred and will further incur medical expenses as a result of the incident. Dolgencorp argues it is entitled to summary judgment on Kinney's premises liability claim because she has no evidence of how long the mat was in its allegedly hazardous condition to establish Dolgencorp's constructive knowledge. For the reasons discussed herein, the Court agrees and dismisses the case on summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## ANALYSIS

Kinney brings a premises liability claim against Dolgencorp. Under Texas law, "[g]enerally, premises owners … have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury;
> (2) the condition posed an unreasonable risk of harm;
> (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and
> (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee."

*Id*. at 251–52.

This case turns on the knowledge element. The Supreme Court of Texas has identified three methods by which a plaintiff may satisfy the knowledge element in a slip-and-fall case. S*ee Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002). First, a plaintiff may "establish[ ] that … the defendant placed the substance on the floor." *Id*. at 814. Second, a

plaintiff may "establish[ ] that … the defendant actually knew that the substance was on the floor." *Id*. at 814. Third, a plaintiff may "establish[ ] that … it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id*. at 814.

Plaintiffs may rely upon both direct and circumstantial evidence of a defendant's knowledge. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935–36 (Tex. 1998). Circumstantial evidence must "either directly or by reasonable inference" support the conclusion that the defendant had knowledge of the alleged risk. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 394 (Tex. 2016) (quoting *Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015)). "An inference is not reasonable if premised on mere suspicion—'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'" *Id*. (quoting *Suarez*, 465 S.W.3d at 634).

In this case, Kinney alleges Dolgencorp had constructive knowledge of the damaged mat—that is, Kinney alleges the hazardous condition "existed long enough for [Dolgencorp] to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). "Constructive knowledge is a substitute in the law for actual knowledge." *Id*. "What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816. In all cases, however, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id*. "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id*. Moreover, "when circumstantial evidence is relied upon to prove constructive notice, the

evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Gonzalez*, 968 S.W.2d at 936. If circumstantial evidence "supports only the possibility that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be charged with constructive notice. *Id*.

Here, Dolgencorp meets its initial burden to demonstrate the absence of a triable dispute of material fact by pointing to a lack of evidence regarding its constructive notice of the allegedly frayed mat. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. The burden then shifts to Kinney to present competent summary judgment evidence showing the existence of a genuine dispute of material fact as to Dolgencorp's constructive notice. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Kinney attempts to satisfy this burden by pointing to circumstantial evidence, through deposition testimony and affidavits, that the Dollar General store was generally in poor condition, the store's manager acknowledged the mats can get worn out over time, and the plaintiff noticed dry, caked on mud on the mat she tripped on, suggesting it was worn out and had been for some time. *See* ECF No. 18 at 4–5. Kinney offers no evidence, however, as to how long the condition that allegedly caused her fall—a loose string from the frayed mat—existed. Instead, Kinney invites the Court to infer from testimony regarding the store's general condition and the cleanliness of the mat, that the loose string existed long enough for Dolgencorp to have constructive knowledge of it. To do so, however, would require the Court to draw an inference based on mere suspicion. Some suspicion linked to other suspicion, after all, "produces only more suspicion, which is not the same as some evidence." *Sampson*, 500 S.W.3d at 394.

As previously noted, the Texas Supreme Court has clearly rejected courts imposing "strict liability" on premises owners for any dangerous condition on their premises. *Reece*, 81 S.W.3d at 816. To meet her burden at the summary judgment stage, Kinney must offer some proof of how long the mat was frayed before Dolegencorp can be held liable for failing to address the dangerous condition. *Id.* Kinney fails to do so. The Court, therefore, finds the record shows there is no genuine dispute as to any material fact and Dolgencorp is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322.

Kinney argues Dolgencorp should not benefit from its failure to preserve evidence because it did not save the video recording of Kinney's fall. *See* ECF No. 18 ¶ 14. Kinney has not, however, made a spoilation claim, filed any other related motion, nor asserted any evidence to be entitled to a spoilation inference. The Court, therefore, declines to presume what impact, if any, the video evidence would have had on Dolgencorp's motion at this juncture.

## CONCLUSION

For the reasons discussed, the Court **GRANTS** Dolgencorp's Motion for Summary Judgment and **DISMISSES** this case because Kinney fails to offer competent summary judgment evidence demonstrating Dolgencorp's constructive knowledge of the allegedly hazardous condition. *See* ECF No. 17. Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 28th day of May, 2024.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE